UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MELANEE LEE BROWN,**

    **Plaintiff,**

v.                                              Case No: 5:21-cv-445-PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER

This matter is before the Court on the motion of Plaintiff's counsel, Richard A. Culbertson, for attorney's fees pursuant 42 U.S.C. §406(b) in the amount of $16,379.40. (Doc. 31). In support of the motion, Attorney Culbertson has filed a signed fee agreement in which Plaintiff acknowledges a 25% fee award of past due benefits (Doc. 31-1). Counsel represents that the Commissioner neither opposes nor endorses the petition.

    **I.**    **Background**

On February 10, 2022, this Court reversed and remanded the case to the Social Security Administration for further proceedings. (Doc. 26). On April 18, 2022, the Court awarded attorney's fees to Attorney Culbertson under the Equal Access to Justice Act (EAJA) in the sum of $4.125.13, for time spent representing Plaintiff before this Court. (Docs. 29, 30). Subsequently, on remand, Plaintiff was awarded past due benefits in the amount of $99,667.60. (Doc. 31-2).[1] The attorney fee due under the fee agreement is $20,791.77 (25% of

---

[1] Attorney Culbertson supports the amount of past due benefits awarded by pointing to the Commissioner's Notice stating she withheld 25% of Plaintiff's past-due benefits which equals

past-due benefits is $24,916.90 (Doc. 31-2 at 1), minus the EAJA fees awarded, $4,125.13 (Doc. 29 at 7), equals $20,791.77). Attorney Culbertson has voluntarily reduced the amount requested to $16,379.40, which is the remaining amount being held by the Commissioner for payment of attorney fees after releasing $8,537.50 for payment of administrative level attorney's fees. (Doc. 31-2).

## II.   Discussion

An attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee ... not in excess of 25 percent of the ... past-due benefits" awarded to the claimant. 42 U.S.C. §406(b)(1)(A). The fee is payable out of, and not in addition to, the amount of [the] past-due benefits. *Id.* As required by *Gisbrecht v. Barnhardt*, 535 U.S. 789, 808 (2002), courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness. When called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensate so that they continue to represent clients in disability benefits cases. *Gisbrecht,* 535 U.S. at 805. In making this reasonableness determination, the *Gisbrecht* court highlighted several important factors including: (1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether the benefits awarded are large in comparison to the amount of

---

$24,916.90. (Doc. 31 at 2 & n.1).

time counsel spent on the case, the so-called windfall factor. *Id*. at 808. In these instances, a downward reduction may be in order.

Here, the Court finds that the requested attorney's fees are reasonable. The requested fees will not result in a windfall for counsel –i.e., that counsel is receiving compensation to which he is not entitled, and that payment of the compensation would be unfair or detrimental to Plaintiff. In this regard, Attorney Culbertson has submitted a signed fee agreement in which Plaintiff acknowledged that counsel would receive 25% of all past due benefits awarded on appeal. (Doc. 31-1). Despite this agreement, Attorney Culbertson is seeking to recover less than 20% of the past due benefits award. Moreover, Attorney Culbertson and his partner, Attorney Sarah Jacobs, spent at least 18.9 hours representing Plaintiff before this Court. (Doc. 28 at 2).

Accordingly, for these reasons, and in the absence of any objection by the Commissioner, Attorney Culbertson's motion for attorney's fees pursuant to the Social Security Act § 206(b)(1) (Doc. 31) is due to be **GRANTED**. Section 406(b) fees are approved for Attorney Culbertson in the sum of **$16,379.40**.[2]

---

[2] Normally, any award under Section 406(b) must be offset by the EAJA award. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (finding that fee awards may be made under both 42 U.S.C. § 406(b) and the EAJA but that the claimant's attorney must refund to the claimant the amount of the smaller fee); *Watford v. Heckler*, 765 F.2d 1562, 1566 n.5 (11th Cir. 1985). Such offset may be achieved by counsel's payment to the claimant of the amount of the EAJA award or by a reduction of the Section 406(b) fee request in the amount of the EAJA fee award. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1273-74 (11th Cir. 2010). Here, Attorney Culbertson requests that the amount of the 406(b) fee request be reduced by the amount of the EAJA award. (Doc. 31 at 5).

**DONE** and **ORDERED** in Ocala, Florida on December 4, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties